## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LAWRENCE ALLEN and | : | |
| TERRY V. BOWEN, ADMINISTRATORS | | |
| OF THE ESTATE OF LAWRENCE IRVING | : | Civil Action No. |
| ALLEN III, | | |
| **Plaintiffs** | : | |
| | | |
| **v.** | : | |
| | | **JURY TRIAL DEMANDED** |
| CITY OF PHILADELPHIA | : | |
| | | |
| and | : | |
| | | |
| POLICE OFFICER CHAUNCEY ELLISON, | : | |
| Individually as a police officer for the | | |
| City of Philadelphia, | : | |
| **Defendants** | | |

## COMPLAINT

### JURISDICTION

1.      This action is brought pursuant to 42 U.S.C. 1983.  Jurisdiction is based upon 28 U.S.C. 1331 and 1343 (1), (3), (4) and the aforementioned statutory provision.  Plaintiff further invokes the supplemental jurisdiction of this Court under 28 U.S.C. Section 1367 (a) to hear and decide claims arising under state law.

### PARTIES

2.      Plaintiff Lawrence Allen resides at 1675 Andrews Place, Williamsport, Pennsylvania 17701.

3.      Plaintiff Terry V. Bowen resides at 6532 Torresdale Avenue, Philadelphia, 19132.

4.      Plaintiffs Lawrence Allen and Terry V. Bowen, the decedent's parents ("plaintiffs"), were appointed Administrators of the Estate of Lawrence Irving Allen III ("Lawrence Allen") by the Register of Wills of Philadelphia County on February 25, 2009.

5.      Decedent Lawrence Allen was an adult individual who resided at 1982 Renovo Street, Philadelphia, Pennsylvania.

6.      Defendant City of Philadelphia is a municipality of the Commonwealth of Pennsylvania and owns, operates, manages, directs and controls the Philadelphia Police Department which employs Defendant Chauncey Ellison.

7.      Defendant Chauncey Ellison, at all times relevant to this action, was a police officer of the Philadelphia Police Department with a rank of Sergeant and was acting under color of state law and within the course and scope of his employment. He is being sued in his individual capacity as a police officer.

## FACTS

8.      On the evening of November 17, 2008, sometime after 9:00 p.m., Lawrence Allen was at home with his two children and their mother, Rosemily Rosado, at 1982 Renovo Street.

9.      A teenage boy from the neighborhood, Dimetrius Haywood, ran to Allen's house carrying a pizza and told Lawrence Allen he was being chased by a man in a black SUV, whom he believed was the father of a boy from whom Haywood had robbed a pizza earlier that evening.

10.     Lawrence Allen, his sister Lauren, and Rosemily Rosado went outside and observed Defendant Ellison drive down the 1900 block of Renovo Street in his SUV, in the opposite direction of traffic.

11.     Defendant Ellison, who was accompanied by off-duty Officer Robin Fortune, pursuant to

his powers as a police officer was acting to arrest Haywood for the robbery of Ellison's son.

12.     Defendant Ellison and Officer Fortune were armed with their Philadelphia Police Department issued service revolvers.

13.     As defendant Ellison approached Allen, he took his service revolver out of his holster and identified himself as a police officer.  Allen stated that he had nothing to do with what happened to Ellison's son.

14.     Officer Fortune shouted at Defendant Ellison to do something about his son being robbed.

15.     At this point, Defendant Ellison, without cause, provocation, or legal justification, but pursuant to his powers as a police officer, discharged  his police-issued service revolver at Lawrence Allen, causing grievous bodily injury.

16.     Lawrence Allen was unarmed and did not pose a threat to defendant Ellison's safety or to the safety of any other persons.

17.     Rather than offer assistance to Lawrence Allen, defendant Ellison and Officer Fortune got in their vehicle and drove away leaving Lawrence Allen laying in the street, coughing up blood.

18.     A neighbor took Lawrence Allen to Albert Einstein Medical Center where he was admitted to the Intensive Care Unit.

19.     After the shooting, defendant Ellison went to Cheltenham and made contact with Cheltenham police about the shooting.

20.     Following the shooting, in an attempt to justify his unreasonable use of deadly force and his reckless discharge of his firearm at an innocent person, defendant Ellison fabricated a story regarding the shooting which included the false allegations that Lawrence Allen had a gun and

3

that defendant Ellison and Lawrence Allen had struggled.

21.     The police did not find any weapon at the scene of the shooting and no gun was recovered from Lawrence Allen, whose house was searched on two different occasions by Philadelphia Police.

22.     Lawrence Allen was charged with aggravated assault, hindering apprehension, possession of an instrument of crime, prohibited offensive weapon, and recklessly endangering another person.

23.     Paralyzed from the chest down, Lawrence Allen was placed in the intensive care unit in the custody of two police officers, 24 hours a day.

24.     Lawrence Allen remained hospitalized and endured great pain and suffering until he died from his injuries from the gunshot on February 15, 2009.  He was twenty years old.

25.     Defendant City of Philadelphia, as a matter of policy, practice and/or custom, has with deliberate indifference failed to adequately discipline, train, supervise, or otherwise direct police officers, including defendant Ellison in this case, concerning the use of deadly force, thereby causing defendant Ellison to engage in the unlawful and reckless conduct described above.

26.     Defendant City of Philadelphia, as a matter of policy, practice and/or custom, has with deliberate indifference failed to properly sanction or discipline police officers, including defendant Ellison in this case, for violations of the Constitutional rights of citizens, thereby causing police officers, including defendant Ellison, to engage in the unlawful conduct described above.

27.     Defendant City of Philadelphia, as a matter of policy, practice and/or custom, has with deliberate indifference failed to conduct proper investigations of the use of unreasonable and/or deadly force and complaints of the use of unreasonable and/or deadly force against civilians by

police officers, thereby causing and encouraging police officers, including defendant Ellison, to engage in the unlawful conduct described above.

28.     Defendant City of Philadelphia, as a matter of policy,  practice, and/or custom, has with deliberate indifference failed to sanction and/or discipline police officers, who are aware of and subsequently conceal violations of the constitutional rights of citizens by other police officers, thereby causing and encouraging police, including defendant Ellison in this case, to engage in unlawful conduct.

29.     Defendant City of Philadelphia, as a matter of policy, practice, and /or custom, has with deliberate indifference established or condoned a practice, policy, and/or custom that police officers involved in, and assigned to investigate cases concerning the discharge of firearms by police officers, arrest and charge civilians in order to cover up the unreasonable use of deadly force and to justify the discharge of firearms by police, thereby abdicating their official obligation to uphold the law and to reasonably and thoroughly investigate crimes to arrive at an objective and true finding of probable cause.

30.     As a direct and proximate result of defendant Officer Ellison's use of unreasonable and excessive force and his false allegations of criminal conduct by decedent Allen, all committed under color of his authority as a Philadelphia police officer, Lawrence Allen suffered grievous bodily harm, loss of liberty and loss of life, all of which was in violation of his rights under the Fourth and Fourteenth Amendments.

31.     As a direct and proximate result of defendant's actions, Lawrence Allen was deprived of his rights, privileges, and immunities secured by the United States Constitution and the laws and Constitution of the Commonwealth of Pennsylvania, particularly the right to be free from the unreasonable use of deadly police force, the right to be free from unlawful arrest, and the right to

due process of law, in violation of 42 U.S.C. Section 1983, and the corresponding provisions set forth in Article 1, Section 26 of the Pennsylvania Constitution.

32.     The failure of defendant City of Philadelphia to provide adequate training and supervision regarding the proper use of deadly force or to properly discipline and supervise Philadelphia Police Officers, all with deliberate indifference to the safety and lives of the citizens of Philadelphia, was a proximate cause of the death of decedent Lawrence Allen.

## COUNT I - - Wrongful Death

33.     Paragraphs 1 through 32 are incorporated by reference.

34.     Plaintiffs in their own right and in their capacity as the personal representatives of the Estate of Lawrence Allen, deceased, bring this action on behalf of those persons entitled by law to recover damages for decedent's wrongful death, in accordance with 42 U.S.C. Section 1983 and the Pennsylvania Wrongful Death Act, 42 Pa.C.S.A. Section 8301.

35.     The decedent Lawrence Allen left surviving two minor children Lawrence Tony Allen, age 2 and Luis Nasir Allen, age 6 months. In addition, Rosemily Rosado, the mother of decedent Lawrence Allen's children, is pregnant with his third child. The children of the decedent are entitled to recover under the Pennsylvania Wrongful Death Act.

36.     No recovery for the same damages claimed in this wrongful death action was obtained by the decedent during decedent's lifetime, and no prior action has been brought on behalf of decedent as a result of decedent's wrongful death.

37.     As a proximate result of the wrongful death of decedent, decedent's survivors have suffered, will continue to suffer, and claim damages for pecuniary losses, including the following:

        a. funeral, burial, and estate administrative expenses;

6

b. loss of the services, companionship, society, love, comfort, maintenance, guidance, and tutelage which decedent would have provided for the remainder of decedent's natural life;

c. loss of the contributions that decedent would have made for the remainder of decedent's natural life.

38.     Plaintiffs claim the full measure of damages allowed under 42 U.S.C. Section 1983 and the Pennsylvania Wrongful Death Act.

39.     The decedent was hospitalized and was attended by physicians, nurses, and other medical personnel. Plaintiffs are entitled to recover, in addition to other damages, for the hospital, nursing, and other medical expenses incurred by the decedent by reason of the conduct of defendant Ellison which resulted in the decedent Lawrence Allen's death.

Wherefore, plaintiffs request the following relief:

a. an award of compensatory damages against defendants;

b. an award of punitive damages against defendant Ellison;

c. an award of reasonable attorney fees and costs against defendants, jointly and severally.

## COUNT II- - Survival Action

40.     Paragraphs 1 through 39 are incorporated herein by reference as if set forth in full.

41.     Plaintiffs bring this action on behalf of the Estate of Lawrence Allen, deceased, in accordance with 42 U.S.C. Section 1983 and the Pennsylvania Survival Act, 42 Pa.C.S.A. Section 8302.

42.     By reason of the conduct of the defendant Ellison, the decedent Lawrence Allen sustained grievous bodily injuries and experienced enormous physical and mental pain and suffering, and loss of life's pleasures until he died.

7

43.     As a result of his injuries and his resultant death, Lawrence Allen could not work and lost

earnings from the date he was shot until he died and for the remainder of his expected life.

44.     Plaintiffs claim damages for the losses sustained by decedent's estate, including

Lawrence Allen's conscious mental and physical pain and suffering, and loss of earnings from

the time of the events at issue through the time of his death.

45.     Plaintiffs claim the full measure of damages allowed under 42 U.S.C. Section 1983 and

the Pennsylvania Survival Act.

        Wherefore, plaintiffs request the following relief:

        a. an award of compensatory damages;

        b. an award of punitive damages against defendant Ellison;

        c. an award of reasonable attorney fees and costs against defendants, jointly and
        severally.

## COUNT III - - Assault and Battery

46.     Paragraphs 1 through 45 are incorporated herein as if set forth in full.

47.     The acts and conduct of defendant Ellison were intended to put, or did recklessly place

decedent Lawrence Allen in fear of bodily injury, and the decedent Lawrence Allen, as a result

of defendant Ellison's acts, was placed in fear of serious bodily injury.

48.     As a result of being shot by defendant Ellison, the decedent Lawrence Allen sustained

catastrophic physical injuries.

49.     The acts and conduct of defendant Ellison constitute assault and battery.

50.     Plaintiffs' claim the full measure of damages allowed under the Pennsylvania common

law and the Pennsylvania Wrongful Death Act.

        Wherefore, plaintiffs request the following relief:

        a. an award of compensatory damages against the defendants City of Philadelphia

8

and Ellison, jointly and severally;

b. an award of punitive damages against defendant Ellison.

### Count IV - -False Arrest and False Imprisonment

51.     Paragraphs 1 through 50 are incorporated herein as if set forth in full.

52.     The acts and conduct of defendant Ellison alleged above caused Lawrence Allen to be

falsely arrested and imprisoned in violation of the Fourth Amendment.

Wherefore, plaintiffs request the following relief:

a. an award of compensatory damages against the defendants City of Philadelphia
and Ellison jointly and severally;

 b. an award of punitive damages against the defendant Ellison;

c. an award of attorneys fees and cost against the defendants.

### Count V --  Intentional Infliction of Emotional Distress

53.     Paragraphs 1 through 52 are incorporated herein as if set forth in full.

54.     The acts and conduct of the defendant Ellison were extreme and outrageous and

intentionally or recklessly caused severe emotional distress to the decedent Lawrence Allen.

Wherefore, plaintiffs request the following relief:

a.  an award of compensatory damages against the defendants City of
Philadelphia, and Ellison jointly and severally;

b. an award of punitive damages against defendant Ellison.


_____
Sonia M. Silverstein, Esq.
I.D. No. 43039
Sonia M. Silverstein & Associates
1700 Sansom Street, Suite 400
Philadelphia, PA 19103
(215) 569-3909

_____
Charles Auspitz, Esq.
I.D. No. 44079
1700 Sansom Street, 4th Floor
Philadelphia, PA 19103
(215) 927-7000


_____
David Rudovsky, Esq.
I.D. No. 15168
KAIRYS, RUDOVSKY, MESSING
   & FEINBERG, LLP
718 Arch Street, Suite 501S
Philadelphia, PA 19106
(215) 925-4400

Attorneys for Plaintiffs